Joseph W. GARDINER, Plaintiff,

v.

MERCYHURST COLLEGE, Rodger J. Gregorich, Helen F. Mullen, Sheri Lantz, Larry Kopko, Defendants.

Civil Action No. 95–15E.

United States District Court, W.D. Pennsylvania.

Oct. 18, 1996.

Joseph W. Gardiner, Erie, PA, pro se.

Marcia H. Haller, MacDonald, Illig, Jones & Britton, Erie, PA, for Mercyhurst, Rodger J. Gregorich, Helen F. Mullen.

C. Peter Hitson, Pietragallo, Bosick & Gordon, Pittsburgh, PA, P. Brennan Hart, Marshall, Dennehey, Warner, Coleman & Goggin, Pittsburgh, PA, for Sheri Lantz.

John W. Beatty, Knox, McLaughlin, Gornall & Sennett, Erie, PA, for Larry Kopko.

## OPINION

COHILL, District Judge.

### I. Background

Before the Court are three summary judgment motions filed pursuant to Fed.R.Civ.P. 56(c) by (i) Mercyhurst College, Rodger J. Gregorich, and Helen Mullen (hereinafter "the Mercyhurst group"), (ii) Sheri Lantz, and (iii) Sheriff Larry Kopko. We note that the Mercyhurst group's motion is for partial summary judgment.

On December 8, 1995, we issued an opinion and order dismissing the plaintiff's claims with respect to Sheri Lantz to the extent that they were based on the Rehabilitation Act and the Americans with Disabilities Act ("ADA"). We held that the plaintiff did not have a handicap or disability, as defined in those acts, and thus could not maintain claims thereunder. 942 F.Supp. 1050 (W.D.Pa., 1995).

That opinion sets forth the background of the action, and we will not revisit it here. Rather, we shall proceed directly to a discussion of the issues raised in the parties' briefs.

### II. Discussion

#### (A)

##### (i)

█ We start with the Mercyhurst group. They first assert that because this Court has already held that the plaintiff is not handicapped or disabled within the meaning of the Rehabilitation Act, 29 U.S.C. § 706(8)(B), or the ADA, 42 U.S.C. § 12102(2), with respect to a different defendant, the "law of the case" dictates that actions cannot be maintained under these statutes against them. *Hull v. Freeman*, 991 F.2d 86, 90 (3d Cir.1993). We agree, and shall accordingly enter judgment in favor of the Mercyhurst group on Counts I and V of the amended complaint asserted pursuant to the Rehabilitation Act and the ADA.

##### (ii)

█ The Mercyhurst group next asserts that it has not acted under color of state law, and that as such, judgment must be entered in its favor on all the plaintiff's claims under 42 U.S.C. § 1983. It is axiomatic that a defendant must be acting under color of state law for an action under § 1983 to be maintained. *Howlett v. Rose*, 496 U.S. 356, 357, 110 S.Ct. 2430, 2432–33, 110 L.Ed.2d 332 (1990). Mercyhurst College is a private institution of higher learning. A private institution has acted under color of law if:

> The State has so far insinuated itself into a position of interdependence with ... [the private party in question] that it must be recognized as a joint participant in the challenged activity, which on that account cannot be considered to have been purely private as to fall without the scope of the Fourteenth Amendment.

*Burton v. Wilmington Parking Auth.*, 365 U.S. 715, 725, 81 S.Ct. 856, 862, 6 L.Ed.2d 45 (1961).

The Commonwealth of Pennsylvania has enacted a statute called the Municipal Police Officers' Education and Training Program ("Act 120"), which creates a framework for establishing training programs for police officers. 53 Pa.Stat.Ann. §§ 740 et seq. Pursuant to Act 120, colleges and universities may be certified to establish such a training program. Mercyhurst has established an Act 120 program, to train its campus police/security officers, and the plaintiff was a trainee in this program at the time of his dismissal. It is through this Act 120 program that the plaintiff asserts that the state has insinuated itself into a position of interdependence with the college. Specifically, he states that the "education and certification of police officers is a traditional government and public function of the [C]ommonwealth of [sic] and its agencies...." *Pl.'s Br. (Doc. 63)* at 2.

The Mercyhurst group asserts that it receives no funding from the Commonwealth of Pennsylvania pursuant to Act 120. It points to *Imperiale v. Hahnemann Univ.*, which states that "state regulation alone, even pervasive, extensive, and detailed regulation, will not render the actions of an institution attributable to the state...." 776 F.Supp. 189, 195 (E.D.Pa.1991) (citing *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345, 358–59, 95 S.Ct. 449, 457–58, 42 L.Ed.2d 477 (1974)).

The Mercyhurst group concludes that the mere operation of an Act 120 training program does not satisfy the test articulated in *Burton* above.

Neither party has cited a case which discusses whether the campus police force of a private college or university, or a training program therefore, act under color of law. This Court has found one opinion, unpublished, which discusses this issue. In *Hargrove v. City of Philadelphia*, No. CIV.A. 93–5760, 1995 WL 584490 (E.D.Pa.1995), the issue was whether Campus Police from the University of Pennsylvania acted under color of law. The Court stated that "[a]lthough plaintiff argues in his ... motion that these officers were acting pursuant to a state statute, that bare allegation is insufficient by itself to clothe the Campus Police Officers with the authority of the state." *Id.* at *2. The procedural posture of *Hargrove* was different from that of the instant action. In *Hargrove*, a trial had been conducted, and the jury had rendered a verdict in favor of the Campus Police Officers. The above opinion denied the plaintiff's motion for a new trial.

Notwithstanding this difference in procedural posture, we find *Hargrove* to be informative. The instant record shows only that Mercyhurst College is certified to run, and does run, a program to train campus police. It further shows that Mercyhurst College does not receive state funds for this purpose. While it does appear that this training might help an individual qualify for a police officer's job beyond Mercyhurst's campus, this is not enough to establish that the Mercyhurst group acted under color of law. Accordingly, we shall enter judgment in favor of the Mercyhurst group on Counts II, III, IV, and VI of the amended complaint.

We emphasize that our holding is based on the instant record. We do not foreclose the possibility that on a different record, campus police officers, or a training program therefore, could be found to have acted under color of law. Such a determination is fact specific. *Groman v. Township of Manalapan*, 47 F.3d 628, 638, 640–41 (3d Cir.1995).

Because we hold that the Mercyhurst group has not acted under color of law, we need not address their argument that their conduct, even as alleged by the plaintiff, does not rise to the level of a constitutional violation.

(iii)

Gregorich next alleges that the plaintiff has failed to establish evidence in the record that would support an intentional infliction of emotional distress claim under Pennsylvania law.

To establish such a claim, a plaintiff must prove that the defendant, by extreme and outrageous conduct, intentionally or recklessly caused the plaintiff severe emotional distress. *Motheral v. Burkhart*, 400 Pa.Super. 408, 583 A.2d 1180, 1188 (1990). As the Mercyhurst group notes, it is for the Court to determine in the first instance if the alleged conduct can be considered so extreme and outrageous as to find the defendant liable. If reasonable persons may differ, the matter must go to a jury. *Id.*

Gregorich asserts that the plaintiff has merely alleged that Gregorich poked, nudged, and pushed him. He asserts that this type of conduct does not meet the "outrageousness" standard as set forth in *Motheral*. Plaintiff does not address this argument in his brief. The Court notes that the plaintiff, in addition to asserting poking, nudging, and pushing, has alleged that Gregorich grabbed and shoved him. Nonetheless, even assuming this to be true, a reasonable person could not consider this conduct outrageous in these circumstances. Accordingly, we shall enter judgment in Gregorich's favor on Count VIII of the amended complaint.

(iv)

Gregorich next asserts that the plaintiff has failed to establish evidence in the record that would support a defamation claim under Pennsylvania law.

The plaintiff has alleged that Gregorich discussed the results of one of the plaintiff's psychological tests with employees and students of Mercyhurst, in violation 42 Pa.Cons. Stat.Ann. § 8343(a). Gregorich initially argues that this is nothing more than a bald allegation, and that because no evidence in

the record could support the allegation, judgment must be entered in his favor. We agree.

Plaintiff's has not identified a single defamatory statement purportedly uttered by Gregorich. Because plaintiff cannot identify evidence that supports this claim, judgment must be entered in Gregorich's favor on Count XI.

Accordingly, we need not address Gregorich's next argument that he had a conditional privilege to discuss the plaintiff's psychological reports.

### (v)

■ The last count asserted against the Gregorich is Count XII, conspiracy to defame. He correctly asserts that if a defamation count does not lie, a conspiracy to defame cannot. *Nix v. Temple Univ.*, 408 Pa.Super. 369, 596 A.2d 1132, 1137 (1991). We note that while the defamation counts against the other defendants could theoretically support a conspiracy to defame count against Gregorich, the plaintiff has not asserted the factual predicate needed for such a claim. Accordingly, we shall enter judgment in favor of Gregorich on Count XII.

### (B)

We next turn to defendant Sheri Lantz' Motion for Summary Judgment. Defendant Lantz was the plaintiff's psychologist who performed psychological testing on the plaintiff at his request. Only three counts of the amended complaint apply to Lantz: Counts VI, X, and XII. We commence with Count VI.

### (i)

■ In Count VI a conspiracy to violate the plaintiff's civil rights is alleged. The allegations relate to rights secured by the Rehabilitation Act, the ADA, and the Fourteenth Amendment to the United States Constitution. In our earlier opinion we dismissed this count to the extent that it related to the two statutes, but because Lantz did not request dismissal of the count to the extent that it relied on the Fourteenth Amendment, we allowed the count to remain, limited to the extent that it relied on the Fourteenth Amendment. Lantz now moves for summary judgment for the remainder of Count VI.

Lantz notes that she is not alleged to be a state employee, was privately retained by the plaintiff, and did not act under the auspices of any state law. Accordingly, she concludes that she has not acted under color of law, and that any constitutional claim against her must fail for this reason. We agree, and note that the plaintiff does not respond to this argument. Thus, we shall enter judgment in favor of Lantz on the remaining part of Count VI.

### (ii)

■ Lantz next argues that judgment on the defamation claim against her, Count X, should be entered in her favor.

The material facts on this count are undisputed. Plaintiff had been accepted into the Act 120 program, conditioned upon, *inter alia*, a psychological background check. Lantz performed psychological testing on the plaintiff, per his request, for the purpose of this background check. Thus, it was at plaintiff's request that Lantz submitted the results of her tests to Mercyhurst College. During Lantz' interview with the plaintiff, he did not inform her of his previous psychological evaluations and/or emotional problems. Sometime after Lantz had submitted her psychological evaluation of the plaintiff to Mercyhurst, she learned from some of the plaintiff's neighbors of the previous evaluations and/or emotional problems, and informed the plaintiff that her previous report was invalid because she did not have the opportunity to consider all the relevant information. She also informed Gregorich of the fact that the report she had previously submitted to Mercyhurst was invalid and the reasons therefore. It is this last statement that the plaintiff alleges is defamatory. Lantz argues that she had a conditional privilege to inform Gregorich that the report she had submitted to Mercyhurst was invalid.

■ "Communications made on a proper occasion, from a proper motive, in a proper manner, and based upon reasonable cause are privileged." *Chicarella v. Passant*, 343 Pa.Super. 330, 494 A.2d 1109, 1113 (1985). A conditional privilege arises, *inter*

*alia,* when an interest of the publisher of the defamatory matter is involved *or* when an interest of the recipient of the matter is involved. *Elia v. Erie Ins. Exch.,* 430 Pa.Super. 384, 634 A.2d 657, 660 (1993). Both are satisfied here, as Lantz had an interest in informing the recipient of her report that it was invalid, and Mercyhurst had an interest in knowing that a report it was using to evaluate a potential employee was invalid. Accordingly, Lantz had a privilege to inform Gregorich that her report was invalid and judgment will be entered in her favor on Count X of the amended complaint.

### (iii)

■ The last count asserted in the amended complaint against Lantz is conspiracy to defame. Lantz correctly notes that if a defamation count does not lie, conspiracy to defame cannot. *Nix,* 596 A.2d at 1137. We note that while the defamation count against Sheriff Kopko could theoretically support a conspiracy to defame count against Lantz, the plaintiff has not asserted the factual predicate to support this theory. Given this lack of factual predicate, and given that we have dismissed the defamation claim against Lantz, we shall enter judgment in favor of Lantz on Count XII.

### (C)

We now turn to Sheriff Larry Kopko's Motion for Summary Judgment. Sheriff Kopko is named as the defendant in Counts VI, XI, and XII.

### (i)

■ We start with Count VI, Conspiracy to Violate Civil Rights. Because a conspiracy takes more than one person, and because this Count has been dismissed as to all other defendants, a conspiracy count cannot lie against Sheriff Kopko. Moreover, plaintiff has not identified which of his civil rights have been violated. Lastly, as we have already held that the plaintiff is not disabled or handicapped as those terms are defined by the ADA and the Rehabilitation Act, the law of the case, as described above in section II(a)(i), would justify the entry of judgment in Sheriff Kopko's favor on two-thirds of this count. For all these reasons, we shall enter judgment in favor of Sheriff Kopko's on Count VI.

### (ii)

■ We next turn to Count XI, a defamation count. Plaintiff generally asserts that Sheriff Kopko made false statements and defamatory statements about the Plaintiff to Gregorich. The plaintiff does not point to any specific statements.

Sheriff Kopko notes that the plaintiff signed a release authorizing the release of "any and all criminal record information" to Mercyhurst. *Evidentiary Aff. (Doc. 53)* Ex. A. Accordingly, Kopko argues that he had a privilege to release the information to Gregorich that he did.

Plaintiff concedes that he signed the release; however, he argues that it is invalid because it does not contain a starting and ending date for the release. As authority for his argument, he cites to 55 Pa.Cons.Stat. § 5100.34, and calls this statute a Public Welfare statute. The Court notes that title 55 is entitled "Navigation Commission for the Delaware River," and that its highest section is numbered 824.

The Court is unaware of any authority that supports plaintiff's argument that a starting and ending date must appear on a consensual release of criminal records, and accordingly, we hold that Sheriff Kopko's release of such information to Gregorich was privileged. According, judgment will be entered in Sheriff Kopko's favor on Count XI.

### (iii)

■ Lastly, we turn to Count XII, conspiracy to defame. Because we have dismissed Count XI, and because the plaintiff has not asserted the factual predicate to support a conspiracy to defame claim under the lone defamation claim remaining in Count IX, we will enter judgment in Sheriff Kopko's favor on Count XII.

### (D)

Finally, plaintiff's motion to compel discovery dated September 13, 1995, is still pending. To the best of the Court's recollection, at the case management conference held on

November 2, 1995, the Mercyhurst group informed the Court that it would turn over the requested documents and the plaintiff informed the Court that he would thus withdraw his motion. Accordingly, the Court will deny the motion as moot. To the extent the issue raised in this motion is still pending, plaintiff shall have leave of Court to refile the motion.

### (E)

The sole remaining claim, Count VII, is Assault and Battery, asserted against Gregorich. Because there is no advantage to judicial economy by the action remaining in this Court, we shall dismiss this claim without prejudice with leave to file in the Court of Common Pleas located in Erie County, Pennsylvania.

An appropriate Order follows.

### ORDER

AND NOW, to-wit, this 18th day of October, 1996, it is hereby ORDERED, ADJUDGED, and DECREED, that:

(1) the Motion for Summary Judgment filed by the defendant Sheri Lantz (Doc. 60) is granted. Judgment is entered for defendant Sheri Lantz, and against the plaintiff, on all claims asserted against defendant Lantz in this action;

(2) the Motion for Summary Judgment filed by the defendant Larry Kopko (Doc. 47) is granted. Judgment is entered for defendant Sheriff Larry Kopko, and against the plaintiff, on all claims asserted against defendant Kopko in this action;

(3) the Motion for Partial Summary Judgment filed by Mercyhurst College, Rodger J. Gregorich, and Helen F. Mullen (Doc. 56) is granted, and judgment is entered in favor of the defendants, and against the plaintiff, on Counts I, II, III, IV, V, VI, VIII, IX and XII; and

It is further ORDERED, ADJUDGED, and DECREED that plaintiff's Motion to Compel Discovery (Doc. 46) is denied as moot. Accordingly, the sole remaining claim, Count VII, is dismissed without prejudice with leave to file in the Court of Common Pleas in Erie County, Pennsylvania.

We note that the defendants did not move for summary judgment on Count VII.